UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL BECERRA QUIROZ,<br><br>　　　　Petitioner<br><br>　　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Respondent. | Case No. CV 14-7826-JAK (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative 28 U.S.C. § 2254 petition in this case (Dkt. 27 and 27-1 through 27-4, "Petition") and all relevant pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge (Dkt. 75, "Report"), and Petitioner's Objections to the Report and Recommendation (Dkt. 80). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of the matters to which objections have been stated.

　　　Petitioner's assertions and arguments have been reviewed carefully. Petitioner's Objections rest for the most part on his contention that the state habeas proceedings related to his federal habeas claims were deficient, which in itself precludes application of the otherwise governing 28 U.S.C. § 2254 standard of review. That contention, in turn, rests on the following series of premises: first, his

state court habeas petition proved that he was entitled to relief, assuming his factual assertions were presumed to be true as is required by state law; second, the state court, thus, erred in finding that a prima facie case for relief has not been shown and, instead, should have issued an order to show cause and proceeded with factual development, including by holding an evidentiary hearing; and third, the state court therefore "deviat[ed]" from "mandatory" California habeas procedures and committed state law procedural error, which equates to an unreasonable factual determination within the meaning of 28 U.S.C. § 2254(d)(2).  Petitioner further posits that this asserted state law error rendered all factual findings by the state court defective and not worthy of deference, and thus, the Magistrate Judge's conclusion that he had not surmounted 28 U.S.C. § 2254(d)(1)'s demanding standard as to any of his claims necessarily was wrong, because it lacked a proper factual foundation. Petitioner, in short, contends that the Petition should have received *de novo* review and that the Report should be rejected given the Magistrate Judge's application of the Section 2254(d) standard of review to his claims.

Petitioner raised a version of this argument in his pre-Report briefing, asserting that *de novo* review was required due to the state court's failure to hold an evidentiary hearing, and the Report addressed it (at pp. 9-10).  Among other things, the Magistrate Judge observed that Petitioner had failed to identify what further factual development was need before the state court could have resolved his claims, including what additional evidence he would have proffered or adduced at a hearing to prove an entitlement to relief.

Petitioner's arguments set forth in the Objections continue to improperly conflate his belief that he *had* stated a prima facie case for relief (and the state court therefore erred in concluding otherwise) with the threshold undertaking required by Section 2254(d)(2), namely, to determine whether the state court made an unreasonable determination of the facts in light of the evidence of record.  A state court's fact-finding process is not unreasonably deficient under Section 2254(d)(2)

because of a failure to hold an evidentiary hearing unless a petitioner shows *why* the failure to hold such a hearing mattered. Petitioner has not persuaded the Court that the state court's failure to hold an evidentiary hearing was unreasonable in light of the evidence of record before the state court.

Having considered the Report and Petitioner's Objections, the Court concludes that the Report did not err in applying the Section 2254(d) standard of review to Petitioner's claims.[1] The Court further concludes that nothing set forth in the Objections or otherwise in the record for this case affects or alters, or calls into question, the findings and analysis set forth in the Report. Having completed its review, the Court accepts the findings and recommendations set forth in the Report with one nominal exception noted below.[2]

Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 26, 2021

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

---

[1] For this reason, the Court finds unpersuasive Petitioner's Objection that he was entitled to pursue discovery and have an evidentiary hearing in this case, as well to have the Magistrate Judge's decision declining to hold an evidentiary hearing and to allow discovery "revisited." *See Cullen v. Pinholster*, 563 U.S. 170, 185, 187 & n.7 (2011); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 993-94 & n.6 (9th Cir. 2013); *Stokley v. Ryan*, 659 F.3d 802, 809 (9th Cir. 2011).

[2] There is a typographical error on Page 31, Line 23 of the Report that reads "20078" and should, instead, read "2008."